UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>$16,000.00 in United States Currency,<br><br>　　　　　　　　　　Defendant. | Case No. 3:19-cv-00319-MMD-WGC<br><br>ORDER |

　　　　Plaintiff United States of America ("Government") has filed a civil complaint for in rem forfeiture against $16,000.00 in United States Currency ("Property"). (ECF No. 1.) The Property was seized from a vehicle being occupied by Donald Keith Averill on land at Washoe County, Nevada and the Drug Enforcement Administration approved the seizure for federal adoption. (*Id.* at 2.) Before the Court are: (1) Averill's motion making a claim for the Property ("Claim")[1] (ECF No. 6); and (2) the Government's motion to strike ("Motion") the Claim (ECF No. 8.). The Court will deny the Motion[2] and permit Averill leave to amend the Claim as provided herein within 15 days.

　　　　To pursue a claim, a claimant must not only establish Article III standing but also comply with "the jurisdictional procedural requirements" set forth in the Federal Rule of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule") G(5). *U.S. v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar Cal., Trinity Cty. ("17 Coon")*, 787 F.3d 968, 973 (9th Cir. 2015) (citing *United*

///

---

　　　　[1]Averill filed an administrative claim on April 3, 2019 (ECF No. 6-4), and separately filed the Claim in this Court on July 24, 2019, after the Government instituted this action.

　　　　[2]The Court declines to exercise its discretion to grant the Motion pursuant to Local Rule 7-2(d). *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

*States v. $100,348.00 in U.S. Currency,* 354 F.3d 1110, 1126 (9th Cir. 2004)). Courts have deemed the latter "statutory standing." *Id.* at 973–74 (citing *United States v. $487,825.000 in U.S. Currency,* 484 F.3d 662, 664 (3rd Cir. 2007) ("To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in Rule C(6)(a)" [the predecessor to Rule G(5)] and [18 U.S.C.] § 983(a)(4)(A).")).[3] The filing requirements for a verified claim are that the claim must: "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the [designated] government attorney . . .." R. G(5)(a)(i); *see also 17 Coon,* 787 F.3d at 974.

Under Rule G(8)(c)(i), the government may bring a motion to strike a claim for failure to comply with Rule G(5) or (6), or because the claimant lacks standing. R. G(8)(c)(i)(A), (B); *see also 17 Coon,* 787 F.3d at 974. However, "courts have discretion to overlook the failure to conform to the requirements of [forfeiture claim rules]." *17 Coon,* 787 F.3d at 974 (internal quotations and citations omitted). Additionally, "the Advisory Committee Notes to Rule G(8) caution courts that when a motion to strike is brought pursuant to Rule G(8)(c)(i)(A), 'the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15.'" *Id.* (quoting Rule G's Advisory Comm. Notes, subdiv. (8), para. (c)(1)(A)). Courts thus ordinarily "afford claimants one or even several opportunities to cure defective Rule G[(5)] responses, except where the circumstances indicate that it would be futile to do so or reflect persistent discovery abuses." *Id.* (collecting cases).

///

///

---

[3] Section 983(a)(4)(A)—of The Civil Asset Reform Forfeiture Act of 2000 (CAFRA)—in turn provides:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims . . ..

1      Here, the Government seeks to strike Averill's Claim under Rule G(8)(c)(i)(A) for failure to comply with Rule G(5)(a)(i)(B) and (C)—for Averill's failure to state his particular interest in the Property and to formally sign his claim under penalty of perjury pursuant to 28 U.S.C. § 1746. (ECF No. 8.) Although Averill has not responded to the Motion, the Court will deny the Motion in its discretion because it does not appear that permitting Averill to amend the Claim would be futile. On his *administrative claim form* submitted as an attachment to the Claim in this Court (ECF No. 6-4), Averill indeed states his interest in the Property (*id.* at 3) and makes his claim under declaration of perjury (*id.* at 5), although that information is not provided on the face of the Claim itself. Thus, in accordance with Rule 15 the Court will permit Averill leave to amend his Claim to fully conform to the Rule G(5)(a)(i). *See* Fed. R. Civ. P. 15(a)(2) (providing that a court should freely grant leave to amend "when justice so requires"); *see also Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").

     It is therefore ordered that the Government's motion to strike Averill's Claim (ECF No. 8) is denied.

     It is further ordered that the Claim (ECF No. 6) is nonetheless denied without prejudice. The Court orders that if Averill seeks to maintain his claim he must file an amended claim—in this Court—in accordance with the requirements under Rule G(5)(a)(i) to correct the deficiencies the Government highlighted in its motion to strike.

     It is further ordered that Averill will have 15 days from when this order is entered to amend his Claim to comply with this order.

     DATED THIS 22nd day of October 2019.

MIRANDA M. DU  
CHIEF UNITED STATES DISTRICT JUDGE